**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2468
_____

LAN TU TRINH,
                                        Appellant

v.

CITIZEN BUSINESS BANKING; VANESSA M. BARBETTI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:18-cv-01662)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted on Appellees' Motion for Summary Action
April 30, 2020
Before:  RESTREPO, PORTER, and SCIRICA, Circuit Judges

(Opinion filed May 29, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Lan Tu Trinh appeals from the District Court's order dismissing

her claims for lack of subject matter jurisdiction.  For the reasons that follow, we will

summarily affirm the District Court's judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2018, Trinh filed a complaint in the District Court alleging that Citizens Bank of Pennsylvania and its employee, Vanessa Barbetti, facilitated wiring $87,550 from her business account without her authorization.  At a hearing, Trinh made clear that she sought an acknowledgement of wrongdoing and an apology from defendants, as the amount wired from the account had been returned; Trinh did not seek economic damages.  Defendants moved for summary judgment and produced unopposed evidence that all parties were residents of Pennsylvania.  The District Court granted defendants' motion, concluding that it lacked subject matter jurisdiction over the action.  Trinh timely appealed, and appellees have moved for summary action.[1]

The District Court correctly determined that it lacked subject matter jurisdiction over Trinh's claims.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.").  It is apparent from Trinh's filings that her allegations do not form a basis for federal question jurisdiction.  See 28 U.S.C. § 1331.  There is also no basis for diversity jurisdiction, as the record evidence indicates that all parties are citizens of Pennsylvania.  See 28 U.S.C. § 1332(a)(1).  Accordingly, we grant the appellees' motion and will summarily affirm the District Court's judgment.

---

[1]  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction.  See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 180 (3d Cir. 2008).  We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).